UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHUCEYB HERSI, | ) |
| | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| CUMBERLAND COUNTY, | ) |
| CITY OF PORTLAND, KEVIN JOYCE | ) |
| MICHAEL SAUCHUCK, MATTHEW PAVLIS, | ) |
| CHARLES FRAZIER, JOSHUA McDONALD, | ) |
| DAVID SKIBITSKY, JOHN DOE ONE, | ) |
| JOHN DOE TWO, JOHN DOE THREE. | ) |
| | ) |
| | ) |
| Defendants, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the plaintiff in the above titled matter and states as follows:

**Nature of the Action**

On July 24, 2012, Shuceyb Hersi and his brother were in a wooded area adjacent to the

Riverton Park housing complex where they lived when officers of the Portland Police

Department arrested him without probable cause to believe he was committing any crime or

reasonable suspicion that justified his detention.  The officers physically restrained Mr. Hersi

because he tried to flee the police because he was afraid of them.  While in custody, members of

the Cumberland County Sheriff's Department assaulted Mr. Hersi knocking out his front teeth

and then refused to give him medical treatment necessary to save his front teeth.  Mr. Hersi is

now without his front teeth as a result of the assault and refusal to provide medical attention.

## Parties

1.  Plaintiff Shuceyb Hersi is an individual residing in the City of Portland in the County of Cumberland, in the State of Maine.

2.  Defendant, Sergeant Michael Rand at all times material to this action was a duly appointed, employed and acting Portland Police Officer with the Portland police Department.

3.  Defendant Officer Matthew Pavlis at all times material to this action was a duly appointed, employed and acting Portland Police Officer with the Portland Police Department.

4.  Defendant Officer Charles Frazier at all times material to this action was a duly appointed, employed and acting Portland Police Officer with the Portland Police Department.

5.  Defendant Officer Joshua McDonald at all times material to this action was a duly appointed, employed and acting Portland Police Officer with the Portland Police Department.

6.  Defendant David Skibitsky at all times material to this action was a duly appointed,

employed and acting Corrections Officer with the Cumberland County Sheriff's Department.

7. Defendant John Doe One, whose name is currently unknown, at all times material to this action was a duly appointed, employed and acting Corrections Officer with the Cumberland County Sheriff's Department.

8. Defendant John Doe Two, whose name is currently unknown, at all times material to this action was a duly appointed, employed, and acting Corrections Officer with the Cumberland County Sheriff's Department.

9. Defendant John Doe number Three, whose name is currently unknown, at all times material to this action was a duly appointed, employed and acting Corrections Officer with the Cumberland County Sheriff's Department.

10. Defendant Kevin Joyce at all times material to this action was the duly elected, employed, and acting Sheriff for Cumberland County.

11. Defendant Michael Sauschuck at all times material to this action was appointed, employed, and acting Chief of the Portland Police Department.

12. Defendant Cumberland County is a governmental entity in the State of Maine.

3

13.   Defendant City of Portland is a governmental entity in the State of Maine.

**Subject Matter Jurisdiction**

14.   This action arises under the United States Constitution, particularly under the provisions

of the Fourth Amendment, Eighth Amendment, and the Fourteenth Amendment of the

Constitution of the United States, and the Federal Law, particularly the Civil Rights Act,

42 U.S.C.§ 1983.

15.   This Court has jurisdiction of this case under and by virtue of 28 U.S.C. § 1343 and 28

U.S.C. § 1331.

16.   This Honorable Court may exercise pendent jurisdiction over the related state law claims

pursuant to 28 U.S.C. § 1367.

**Personal Jurisdiction**

17.   This Honorable Court wields jurisdiction over each of the Defendants named herein

pursuant to 14 M.R.S.A. § 704-A in that each of the defendant is domicile in the State of

Maine.

**Venue**

18.   Venue is properly laid before this Honorable Court pursuant 28 U.S.C § 1391 and Rule

9(a) of the rules of the United States District Court for the District of Maine in that all of

4

the acts complained of occurred in the County of Cumberland in the State of Maine.

## Facts Common to all Counts

19.     On July 24, 2012, Shuceyb Hersi was in a wooded area located between Forest Avenue

and 1 Riverton Drive at the front of the housing complex.

20.     Mr. Hersi heard other people yelling as they come through the woods.

21.     Because he decided that it may not be a good idea to stay where he was because he saw

that the police where coming through the woods and he was afraid of the police, he tried

to get to Forest Avenue which was on the other side of a fence.

22.     In Police reports, Officer Pavlis, says that when he approached Mr. Hersi as he was going

over the fence, he stated don't run ordering Mr. Hersi to remain at the fence.

23.     Once over the fence, Mr. Hersi ran towards Forest Avenue, where Sergeant Rand, with

his gun drawn, order Mr. Hersi to stop.

24.     Realizing that the Sergeant Rand was preparing to use deadly force on him, Mr. Hersi

laid down on the ground.

25.     Officer Pavlis explained that he was giving "special attention" to the area of Riverton

Park.

26.     Apparently, there had been numerous calls for service at Riverton Park regarding suspicious drug activity, weapons, and underage drinking.

27.     One of these calls for service had occurred on July 23, 2012 where he gave an unidentified black male a no trespass notice.

28.     On July 24, 2012 at about 7:30 in the evening, Officer Pavlis thought he saw that same black male that had been served on July 23, 2012 with a no trespassing notice.

29.     Before officer Pavlis could turn around and make contact with the black male, who was in a group of unidentified black males, he took off running towards the back of housing complex near units 27 through 37.

30.     Officer Pavlis called in other officers to assist him.

31.     Officer Frazier, Officer McDonald, and Sergeant Rand responded to officer Pavlis's request for backup. Frazier and Sergeant Rand reported hearing people in the wooded area where Mr. Hersi and his brother were walking.

32.     After Mr. Hersi was arrested without probable cause to believe a crime had been committed or reasonable suspicion based on articulable facts that justified detention,

Officer Pavlis transported him to the Cumberland County Jail and turned custody over to the Sheriff's Department.

33.     While Officer Pavlis was transferring Mr. Hersi, a Corrections Officer Skibitsky, made demeaning remarks to Mr. Hersi about his age.

34.     Once custody had been transferred, Officer Skibitsky and three or four other yet unknown officers had Mr. Hersi stripped naked and thrown into the detox cell in section of the jail where intake occurs.

35.     When Mr. Hersi was thrown into the cell his face made contact with the wall knocking out his front teeth, causing his mouth to bleed.

36.     Mr. Hersi was not given any medical attention while he remained in custody while his teeth could be saved.

37.     The following day on July 25, 2013, Mr. Hersi went the emergency room to see if his teeth could be saved and was told that too much time had elapsed.

    COUNT I :     42 U.S.C. § 1983 VIOLATION AGAINST
                  PORTLAND POLICE OFFICER DEFENDANTS,
                  CUMBERLAND COUNTY, AND KEVIN JOYCE
                  FOR ILLEGAL ARREST

38.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 37.

7

39.     As indicated above, the defendant officers, under color of state law, subjected Mr. Hersi
        to a deprivation of his constitutional rights, specifically the clearly established right not
        to be arrested unless there is reasonable suspicion to detain him, probable cause to arrest
        him for the commission of a crime, or a warrant authorizing his arrest, as well as the
        Fourth, Fifth, and Fourteenth Amendment rights protected by the United States
        Constitution.

40.     Mr. Hersi was held unlawfully until July 25, 2012.

41.     Defendant's actions displayed a callous and reckless disregard of Mr. Hersi's rights, or
        an indifference to the rights of Mr. Hersi.

WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in
favor of the plaintiff in an amount that fully and completely compensates him for the injuries he
has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42
U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just
and proper.

        COUNT II:     42 U.S.C. § 1983 VIOLATION AGAINST
                      PORTLAND POLICE OFFICER EXCESSIVE
                      FORCE

42.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 41.

43.     As indicated above, the defendant officers, under color of state law, subjected Mr. Hersi
        to a deprivation of his constitutional rights, specifically the clearly established right not
        to have excessive force used against him, as well as the Fourth, Fifth, and Fourteenth
        Amendment rights protected by the United States Constitution.

44.     Mr. Hersi was stopped by Portland police officers who used excessive force in his arrest
        that was unreasonable.

45.     Defendant's actions displayed a callous and reckless disregard of Mr. Hersi's rights, or
        an indifference to the rights of Mr. Hersi.

WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

COUNT III :   42 U.S.C. § 1983 SUPERVISORY VIOLATION
              AGAINST MICHAEL SAUSCHUCK FOR
              ILLEGAL ARREST

46.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 45.

47.     On information, knowledge, and belief, Michael Sauschuck  was the chief and supervisor
        of the Portland Police Department  at the time the defendant officers were conducting

their illegal arrest.

48.     On information, knowledge, and belief, Chief Sauschuck knew or should have known of

the defendant officers' reputations for conducting illegal arrest.

49.      On information, knowledge, and belief, Chief Sauschuck did not take reasonable steps to

supervise and discipline the Defendant Officers or minimize the risk of harm that

Defendant Officers presented to the public.

50.     On information, knowledge, and belief, a reasonable well trained supervisor would have

recognized that defendant officers, if not properly disciplined and supervised would

cause harm to and violate the rights of members of the public.

51.     On information, knowledge, and belief, Chief Sauschuck's conduct or inaction in

supervision and discipline amounts to either deliberate, reckless, or callous indifference

to the constitutional rights of others, including Mr. Hersi.

52.     An affirmative link exists between the street level constitutional violations perpetrated by

the defendant officers and Chief Sauschuck's failure to properly supervise and discipline

the defendant officers.

53.     Defendant's actions displayed a callous and reckless disregard of Mr. Hersi's rights, or

an indifference to his rights.

WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

> COUNT IV:   42 U.S.C. § 1983 VIOLATION AGAINST
> CUMBERLAND COUNTY JAIL CORRECTIONS
> OFFICERS, CUMBERLAND COUNTY, AND
> KEVIN JOYCE FOR EXCESSIVE FORCE

54.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 53.

55.    As indicated above, the defendant officers, under color of state law, subjected Mr. Hersi to a deprivation of his constitutional rights, specifically the clearly established right not to have more force than necessary used against him once he has been arrested, as well as the Fourth, Fifth, Eighth and Fourteenth Amendment rights protected by the United States Constitution.

56.    Mr. Hersi was beaten, kicked, and pushed against a wall with such force that his front teeth were broken and knocked out his mouth when he was in custody and Mr. Hersi's own behavior did not justify such force.

11

57.     The Cumberland County Defendants used force against Hersi maliciously and

        sadistically, for the purpose of causing harm.


58.     Mr. Hersi suffered pain and permanent injury as a result of the Cumberland County

        Defendant's conduct.


59.     On information, knowledge, and belief, a reasonable well trained corrections officer

        would have recognized that the use of such force was not justified, was more than

        necessary and  would cause harm to and violate the rights of members of the public.


60.     On information, knowledge, and belief, the Corrections Officer's conduct or inaction

        amounts to either deliberate, reckless, or callous indifference to the constitutional rights

        of others, including Mr. Hersi.


61.     Defendants' actions displayed a callous and reckless disregard of Mr. Hersi's rights, or

        an indifference to the rights of Mr. Hersi.


WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates him for the injuries he

has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just

and proper.

COUNT V :   42 U.S.C. § 1983 SUPERVISORY VIOLATION
AGAINST KEVIN JOYCE FOR EXCESSIVE
FORCE

62.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 61.

63.     On information, knowledge, and belief, Kevin Joyce was the Sheriff and supervisor of

the Cumberland County Jail at the time the defendant corrections officers used excessive

force against Mr. Hersi.

64.     On information, knowledge, and belief, Sheriff Joyce knew or should have known of the

defendant officers' reputations for excessive force.

65.     On information, knowledge, and belief, Sheriff Joyce knew or should have known of the

defendant officers' pattern for excessive force.

66.     On information, knowledge, and belief, Sheriff Joyce did not take reasonable steps to

supervise and discipline the Defendant Officers or minimize the risk of harm that

Defendant Officers presented to the public.

67.     An affirmative link exists between the street level constitutional violations perpetrated by

the defendant officers and Sheriff Joyce's failure to properly supervise and discipline the

defendant officers.

13

68.     Defendant's actions displayed a callous and reckless disregard of Mr. Hersi's rights, or

        an indifference to his rights.


WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates him for the injuries he

has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just

and proper.

        COUNT VI :   42 U.S.C. § 1983 VIOLATION AGAINST
                     CUMBERLAND COUNTY JAIL CORRECTIONS
                     OFFICERS, CUMBERLAND COUNTY, AND
                     KEVIN JOYCE FOR DENIAL OF MEDICAL
                     CARE

69.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 68.


70.     As indicated above, the defendant officers, under color of state law, subjected Mr. Hersi

        to a deprivation of his constitutional rights, specifically the clearly established right to

        medical care, as well as the Fourth, Fifth, Eighth and Fourteenth Amendment rights

        protected by the United States Constitution.


71.     Mr. Hersi was beaten, kicked, and pushed against a wall with such force that his front

        teeth were broken and knocked out his mouth when he was in custody and Mr. Hersi's

        own behavior did not justify such force.

14

72.     Mr. Hersi faced a serious medical need that could have saved his teeth.


73.     The Cumberland County defendants were deliberately indifferent to that medical need to

have his mouth examined and his teeth saved, that is, the defendant knew of it and

disregarded it by failing to take reasonable measures to address it.


74.     The Cumberland County Defendants failure to act to treat the defendant and address the

defendant's medical need caused harm to the plaintiff.


WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates him for the injuries he

has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just

and proper.


        COUNT VII:  42 U.S.C. § 1983 VIOLATION AGAINST
                     CUMBERLAND COUNTY JAIL CORRECTIONS
                     OFFICERS, CUMBERLAND COUNTY, AND
                     KEVIN JOYCE FOR DENIAL OF RELIGIOUS
                     EXERCISE.


75.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 74.


76.     As indicated above, the defendant officers, under color of state law, subjected Mr. Hersi

to a deprivation of his constitutional rights, specifically the clearly established right to practice his religious faith, as well as the First, Fourth, Fifth, Eighth and Fourteenth Amendment rights protected by the United States Constitution.

77.     Mr. Hersi was confined during his observance of Ramadan and he could not eat during daylight hours.

78.     The Cumberland County Defendants impose a substantial burden on the religious exercise of a person residing in or confined to an institution by not providing him a meal consistent with the requirements of his Muslim Faith after sunset.

79.     The imposition of the burden on Mr. Hersi was not in furtherance of a compelling governmental interest.

80.     Denying Mr. Hersi food after sunset was not the least restrictive means of furthering that compelling governmental interest.

WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court(1) enter judgment in favor of the plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

16

COUNT VIII:          COMMON LAW STATE LAW TORT
                     CLAIM OF FALSE ARREST V.
                     DEFENDANT OFFICERS, DEFENDANT
                     DEPUTIES, CUMBERLAND COUNTY
                     AND KEVIN JOYCE

81.   Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 80.


82.   The Defendant Police Officer and members of the Cumberland County sheriff's office,

      intended to confine Mr. Hersi at the Cumberland County Jail without authority to do so

      and despite Mr. Hersi's assertion that he should be set free.


83.   Mr. Hersi was arrested unlawfully and confined until the next day


84.   The Defendants officers had no probable cause to arrest Mr. Hersi.


85.   The Defendants had no authority to confine Mr. Hersi.


WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates him for the injuries he

has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just

and proper.


          COUNT IX:   COMMON LAW STATE TORT CLAIM OF

BATTERY V. DEFENDANT OFFICERS,
DEFENDANT DEPUTIES, CUMBERLAND
COUNTY, AND KEVIN JOYCE.

86.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 85.

82.     The Defendant Police Officer and members of the Cumberland County sheriff's office,
        did intentionally hit, pushed, touched, grabbed Mr. Hersi for the purpose of causing Mr.
        Hersi injury.

83.     The Defendants officers had no authority to assault Mr. Hersi.

85.     Mr. Hersi did not consent to being assaulted.

WHEREFORE, Plaintiff, Mr. Hersi requests that this Honorable Court (1) enter judgment in

favor of the plaintiff in an amount that fully and completely compensates him for the injuries he

has sustained, (2) award Mr. Hersi punitive damages, attorney's fees and costs pursuant to 42

U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just

and proper.

Dated this March 16, 2017                          /S/ Robert C. Andrews
                                                   Robert C. Andrews
                                                   Attorney for Shuceyb Hersi
                                                   Maine Bar Number 8980
                                                   P.O. Box 17621
                                                   Portland, Maine 04112
                                                   207-879-9850

18