# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHUCEYB HERSI,<br><br>      Plaintiff,<br><br>  vs.<br><br>CUMBERLAND COUNTY, et al.,<br><br>      Defendants | Civil No. 17-0094-NT |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND (DEFENDANTS MATTHEW PAVLIS, CHARLES FRAZIER, JOSHUA MCDONALD, MICHAEL RAND, MICHAEL SAUSCHUCK, AND CITY OF PORTLAND)

Defendants Matthew Pavlis, Charles Frazier, Joshua McDonald, Michael Rand,[1] Michael Sauschuck,[2] and City of Portland (collectively "the Defendants"), by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

## Nature of Action

The allegations contained in this paragraph of the Plaintiff's Complaint do not constitute assertions of fact to which a response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

---

[1] Michael Rand is not listed as a defendant in the caption of the Complaint but he is identified as a defendant in paragraph 2. Out of an abundance of caution, Mr. Rand will join in this Answer.

[2] Contrary to what appears in the caption of the Complaint, this is the correct spelling of Chief Sauschuck's surname.

## Parties

1. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

5. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

6. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

7. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

8. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

10. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

11. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

12. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

13. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

## Subject Matter Jurisdiction

14. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

16. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Personal Jurisdiction

17. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Venue

18. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## Facts Common to all Counts

19. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

20. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

22. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. To the extent the allegations contained in this paragraph of Plaintiff's Complaint deviate in any way from the contents of the written document, the Defendants deny same.

23. The Defendants admit that the Plaintiff ran from officers toward Forest Avenue. In addition, the Defendants admit that Mr. Rand confronted two men who were running from officers, one of whom he later learned was the Plaintiff. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

24. The Defendants admit that the Plaintiff eventually complied with commands to get on the ground, although he did not initially comply. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25. Due to the fact that there is no time frame, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

26. Due to the fact that there is no time frame, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27. The Defendants admit that Mr. Pavlis had responded to calls at Riverton Park on July 23, 2012. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

28. The Defendants admit that at approximately 7:38 pm on July 24, 2012 Mr. Pavlis noticed a man in Riverton Park whom he had served the previous day with no trespass paperwork.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

29. The Defendants admit that before Mr. Pavlis could make contact with the man he recognized from the previous evening, the man and several other men ran off. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

30. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

31. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

32. The Defendants admit that the Plaintiff was arrested for refusing to submit to detention and violating his bail conditions. The Defendants further admit that the Plaintiff was transported to the Cumberland County Jail. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

33. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

34. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

35. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

36. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

37. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## COUNT I: 42 U.S.C. § 1983 VIOLATION AGAINST PORTLAND POLICE OFFICER DEFENDANTS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR ILLEGAL ARREST

38. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

39. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

40. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

41. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT II: 42 U.S.C. § 1983 VIOLATION AGAINST PORTLAND POLICE OFFICER EXCESSIVE FORCE

42. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

43. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

44. The Defendants admit that the Plaintiff was stopped by Portland Police Officers. The Defendants deny the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

45. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT III: 42 U.S.C. § 1983 SUPERVISORY VIOLATION AGAINST MICHAEL SAUSCHUCK FOR ILLEGAL ARREST

46. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

47. The Defendants admit that during the time period alleged in the Complaint Michael Sauschuck was the Chief of the Portland Police Department. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

48. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

49. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

50. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

51. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

52. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

53. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT IV: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR EXCESSIVE FORCE

54. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

55. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

56. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

57. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

58. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

59. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

60. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

61. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### COUNT V: 42 U.S.C. § 1983 SUPERVISORY VIOLATION AGAINST KEVIN JOYCE FOR EXCESSIVE FORCE

62. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

63. The Defendants admit Kevin Joyce is Sheriff of Cumberland County. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

64. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

65. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

66. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

67. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

68. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### COUNT VI: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR DENIAL OF MEDICAL CARE

69. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

70. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

71. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

72. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

73. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

74. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### COUNT VII: 42 U.S.C. § 1983 VIOLATION AGAINST CUMBERLAND COUNTY JAIL CORRECTIONS OFFICERS, CUMBERLAND COUNTY, AND KEVIN JOYCE FOR DENIAL OF RELIGIOUS EXERCISE

75. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

76. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

77. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

78. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

79. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

80. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### COUNT VIII: COMMON LAW STATE LAW TORT CLAIM OF FALSE ARREST V. DEFENDANT OFFICERS, DEFENDANT DEPUTIES, CUMBERLAND COUNTY, AND KEVIN JOYCE

81. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

82. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

83. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

84. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

85. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

### COUNT IX: COMMON LAW STATE LAW TORT CLAIM OF BATTERY V. DEFENDANT OFFICERS, DEFENDANT DEPUTIES, CUMBERLAND COUNTY, AND KEVIN JOYCE

86. The Defendants repeat their responses to the preceding paragraphs of Plaintiff's Complaint.

82. [sic] The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

83. [sic] The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

85. [sic] The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.  The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.  No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.  To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5.  To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6.  The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7.  The Plaintiff's Complaint, in whole or in part, by the applicable statutes of limitations.

8.  To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9.  The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

12. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

20. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

21. To the extent the Plaintiff's alleged injuries result from events or conditions that occurred after the Defendants' involvement with the Plaintiff, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

### JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Matthew Pavlis, Charles Frazier, Joshua McDonald, Michael Rand, Michael Sauschuck, and City of Portland demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 20th day of June, 2017.

                Attorneys for Defendants Matthew Pavlis,
                Charles Frazier, Joshua McDonald, Michael Rand,
                Michael Sauschuck, and City of Portland
                MONAGHAN LEAHY, LLP
                95 Exchange Street, P.O. Box 7046
                Portland, ME 04112-7046
                (207) 774-3906
BY:   /s/ John J. Wall, III
                John J. Wall, III

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2017, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendants Matthew Pavlis, Charles Frazier, Joshua McDonald, Michael Rand, Michael Sauschuck, and City of Portland)** using the CM/ECF system, which will provide notice to me and the following other counsel of record:  Robert Andrews (rob.andrews.esq@gmail.com); Peter Marchesi (peter@wheelerlegal.com).

Dated at Portland, Maine this 20th day of June, 2017.

        Attorneys for Defendants Matthew Pavlis,
        Charles Frazier, Joshua McDonald, Michael Rand,
        Michael Sauschuck, and City of Portland
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY: /s/ John J. Wall, III
    John J. Wall, III